```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
ROBERT CAMARANO,                :
                 Petitioner,    :
                                            16cv2095
        -against-               :
                                            OPINION & ORDER
T. GRIFFIN, SUPERINTENDENT,
GREEN HAVEN CORR. FACILITY,     :
                 Respondent.    :
-------------------------------X
```

WILLIAM H. PAULEY III, District Judge:

    Petitioner pro se Robert Camarano seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for second-degree murder and third-degree criminal mischief. Camarano alleges that the delay in perfecting his appeal is attributable to the ineffective assistance of his appellate attorneys and amounts to a denial of due process. For the following reasons, Camarano's petition is denied.

## BACKGROUND

    In May 2010, a New York County jury convicted Camarano of second-degree murder and third-degree criminal mischief in connection with the killing of his live-in girlfriend Michelle Hyams. (Memorandum of Law Opposing Petition for a Writ of Habeas Corpus, ECF No. 15 ("Opposing Memorandum"), at 1–2.) Camarano was sentenced to consecutive terms of 25 years to life imprisonment for the murder charge and two to four years imprisonment on the criminal mischief count. (Answer and Appendix Opposing Petition for a Writ of Habeas Corpus, ECF No. 14 ("Answer"), ¶ 6.)

    In June 2010, Camarano appealed his convictions to the Appellate Division, First Department. The First Department appointed the Legal Aid Society ("Legal Aid") to serve as

Camarano's appellate counsel. (Answer, Exs. A and C.) In September 2012, Camarano asked the Appellate Division to relieve Legal Aid, claiming that his court-appointed counsel was neglecting his appeal. (Answer, Ex. O.) Legal Aid explained that the delays were attributable to its inability to obtain a complete trial record. (Answer, Ex. P.) Camarano's trial transcript was incomplete due to a court reporter's errors during Camarano's trial. See generally James C. McKinley, Jr., Stenographer, Fired Over Drinking Problem, Left Headaches for Appellate Courts, N.Y. TIMES, April 4, 2014, at A20. Nevertheless, the Appellate Division granted Camarano's motion and substituted the Center for Appellate Litigation ("CAL") in place of Legal Aid. (Answer, Ex. Q.)

Five months later, Camarano moved to relieve CAL as counsel. (Answer, Ex. R.) This time, the Appellate Division denied Camarano's motion and CAL continued to work on Camarano's appeal. (Answer, Exs. S and W.) In August 2014, the New York Supreme Court conducted a reconstruction hearing to regenerate the missing minutes from Camarano's trial. (Answer, Ex. CC.)

Undeterred, Camarano renewed his application to remove CAL as his counsel. In September 2015, the Appellate Division relented and displaced CAL with the Office of the Appellate Defender ("OAD"). (Answer, Ex. FF.) While OAD worked on his appeal, Camarano filed this petition in March 2016, alleging that the delay and inadequacies of his appellate counsel denied him due process of law. (Petition for Writ of Habeas Corpus, ECF No. 1 ("Petition"), at 7.)

After he commenced this habeas proceeding, Camarano moved the Appellate Division to relieve OAD as his counsel. The First Department granted that application and appointed Steven A. Feldman, Esq. to represent Camarano on appeal. (June Letter from Ross

Mazer, ECF No. 26.) And most recently, in July 2017, Camarano moved to relieve Feldman in favor of proceeding pro se. (August Letter from Ross Mazer, ECF No. 28.)

DISCUSSION

Section 2254 provides that a "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). District courts are instructed not to grant habeas applications unless "the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). This "exhaustion doctrine" lies in "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982); see also Galdamez v. Keane, 294 F.3d 68, 72 (2d Cir. 2005) (explaining the history and rationale of this requirement).

The only exceptions to this exhaustion requirement are if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(B)(i)(ii). A habeas petitioner has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). However, this Circuit has also recognized limited circumstances in which a state prisoner may be excused from exhausting his state remedies when he has been subject to severe delays in the criminal appeal process. Cody v. Henderson, 936 F.2d 715, 718 (2d Cir. 1991); Mathis v. Hood, 851 F.2d 612, 615 (2d Cir. 1988).

Camarano fails to satisfy the exhaustion requirement of § 2254. The delays attendant to his appeal do not warrant excusing him from this requirement.

First, portions of his trial transcript were lost and the court reporter's notes were indecipherable. (Answer, ¶ 13.) Ultimately, the trial court held a reconstruction hearing (Answer, ¶ 17.) Camarano added to the delays by repeatedly seeking to change attorneys. Each substitution of counsel added delay to the time necessary to review the 1,600 page trial record with 285 exhibits. And recently, Camarano's fourth appellate counsel filed an appellate brief on Camarano's behalf that Camarano now seeks to withdraw so that he can represent himself.

The First Department has acted promptly on each application that Camarano or his appellate counsel has filed. It granted Camarano's multiple requests to substitute counsel, responded promptly to his other motions, and warned one appellate counsel that Camarano's appeal would be placed on the court's dismissal calendar unless counsel "satisfactorily explain[ed] the delay." (Answer, Ex. V.)

Given that Camarano's state appeal is currently pending, Camarano has failed to exhaust his claims in state court. And because he cannot show that such process would be ineffective, this Court may not reach the merits of his habeas petition. "Before a federal court may address the merits of any constitutional issue on a writ of habeas corpus, the petitioner must have exhausted all available state remedies as to that issue." Gonzalez v. Sullivan, 934 F.2d 419, 422 (2d Cir. 1991).

## CONCLUSION

Camarano's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is denied because he has failed to exhaust his claims in state court. Further, Camarano has not shown that any alleged errors by the trial court or his counsel cannot be addressed through the state appellate process. Because Camarano has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c)(2). In addition,

this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to terminate the petition pending at ECF No. 1, and mark this case as closed. The Clerk of Court is further directed to mail a copy of this order to Petitioner and note service on the docket.

Dated: September 19, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.